■ In the Matter of Twila M. Stuck, Respondent, v. Marion Rohr Corporation et al., Appellants. Special Funds Conservation Commission, Respondent. Workmen's Compensation Board, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed December 29, 1972, which held that the date of claimant's disability should be fixed as of August 7, 1967, and therefore found that the carrier's claim for reimbursement pursuant to section 15 (subd. 8, par. [f]) of the Workmen's Compensation Law, filed August 8, 1969, was untimely. Claimant was employed as a sewing machine operator for approximately seven years when, in 1964, she developed a soreness of her left wrist and forearm. Her condition was diagnosed as tenosynovitis, brought on by the wrist motions involved in continually turning over pieces of cloth in the course of her occupation. Claimant was unable to work and received workmen's compensation benefits at that time; following surgery, she was found to have a $7\frac{1}{2}\%$ loss of the use of her left hand. In October, 1966, claimant returned to work with her former employer, which concededly knew of the pre-existing disability and her physician's opinion that a resumption of her old work might lead to further medical problems of a similar nature. Claimant subsequently did experience further problems, this time in the area of her right wrist, for which she first sought medical attention on August 7, 1967, although she continued working until August 23, 1967. The aforementioned statute requires that a claim for reimbursement from the Special Fund be filed "in no case more than one hundred four weeks after the date of disability." It is not contended that the carrier's claim filed on August 8, 1969 would be timely if disability is fixed as of August 7, 1967. Rather, appellant carrier contends that the board erred in fixing the date of disability prior to August 23, 1967, the date upon which claimant stopped working. This conten-

tion must be rejected since disability for purposes of section 15 (subd. 8, par. [f]) "does not necessarily require a cessation from work" (*Matter of Turner* v. *Colgate Contr.*, 9 A D 2d 816) and disablement can be found to begin on the date of first medical treatment even though on that date there is not yet any disability to earn wages (see *Matter of Ryciak* v. *Eastern Precision Resistor*, 12 N Y 2d 29). In *Matter of Lambright* v. *St. Luke's Hosp.* (3 N Y 2d 832), claimant began to receive medical treatment in September, 1946, but continued to work until September, 1949, and filed a claim for benefits in October, 1949. The carrier's claim for reimbursement was filed on March 2, 1950, and obviously could not have been filed before September, 1949. The board nevertheless found disability to have begun in September, 1946, and therefore rejected the reimbursement claim as not having been filed within 104 weeks thereof. Notwithstanding the obvious hardship to the carrier, the decision was affirmed by the Court of Appeals. Here, the hardship could have been avoided by an earlier filing. Moreover, there was nothing arbitrary about the board's finding in the present case, since a report of Doctor Kelly, claimant's attending physician, prepared on August 17, 1967, but based on his most recent prior treatment of claimant on August 7, 1967, states that "patient is totally disabled at this time." There was therefore substantial evidence to support the determination of the board. Decision affirmed, with costs to the respondent Special Funds Conservation Committee. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.